# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# AT NASHVILLE

| | | |
|---|---|---|
| ERBIT NAVARRO TERAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:15-cv-01157 |
| | ) | |
| EMBRAER AIRCRAFT MAINTENANCE SERVICES, INC., | ) ) ) | Judge Trauger |
| | ) | |
| Defendant. | ) | Jury Demand |

## MOTION TO DISMISS

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Embraer Aircraft Maintenance Services, Inc. ("EAMS") moves the Court to enter and Order dismissing the Complaint because it fails to state a claim upon which relief can be granted. Plaintiff attempts to assert claims of race, national origin, and disability discrimination under Title VII, the Americans with Disabilities Act ("ADA"), the Tennessee Human Rights Act ("THRA"), and the Tennessee Disability Act ("TDA"), but his attempts fail because he does not allege facts showing he exhausted his administrative remedies on his Title VII and ADA claims. The claims also fail on their face because Plaintiff does not plead any facts showing he is entitled to relief. For example, there are no facts suggesting that "but for" his alleged actual and/or perceived disability he would still be employed or that his race and national origin were motivating decisions in the decision to discharge him. He does not even plead what his national origin is. Similarly absent is any identification of his purported disability or whether EAMS was aware of it. Of the "facts" he does allege, the majority are based on incidents that allegedly occurred over one year prior to the filing of the lawsuit, making them time-barred for state law purposes and potentially for federal

law purposes – Plaintiff pleads no information to demonstrate the timeliness of those latter claims. Finally, Plaintiff's common law retaliatory discharge claim fails because he has not plead any facts to connect his discharge with any attempt to exercise a statutory or constitutional right.

His pleading does not meet the threshold pleading requirement of Fed. R. Civ. P. 8(a), as articulated in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Complaint must be dismissed as a matter of law. In support of its Motion, EAMS relies upon its contemporaneously submitted Memorandum of Law.

s/ Bahar Azhdari
Charley H. Williamson (Tenn. Bar No. 018287)
Bahar Azhdari (Tenn. Bar No. 028045)
Waller Lansden Dortch & Davis, LLP
511 Union Street, Suite 2700
Nashville, Tennessee 37219
(615) 244-6380 (phone)
(615) 244-6804 (facsimile)
charley.williamson@wallerlaw.com
bahar.azhdari@wallerlaw.com

*Attorneys for Defendant Embraer Aircraft Maintenance Services, Inc.*

## **CERTIFICATE OF SERVICE**

      I certify that a true and correct copy of the foregoing documents has been served via the Court's CM/ECF system upon:

Andy L. Allman, Esq.
Allison S. Porter, Esq.
Andy L. Allman & Associates
131 Saundersville Road, Suite 110
Hendersonville, TN 37075
(615) 933-0110
andy@andylallman.com
allison@andylallman.com

on this the 3rd day of December, 2015.

                                                s/ Bahar Azhdari